# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>v.<br><br>SCOTT FRAKES, et al.,<br><br>  Defendants. | Case No. 8:19cv252<br><br>**STIPULATED PROTECTIVE ORDER** |

This matter is before the Court on the parties' Joint Motion for Protective Order. ([Filing No. 54](#).) The motion is granted. Accordingly,

IT IS ORDERED that the Stipulated Protective Order is entered as follows:

### HIPAA QUALIFIED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to the Plaintiff to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to the Plaintiff to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall only be permitted to use or disclose the protected health information of the Plaintiff for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, deponents, witnesses, and other entities or persons involved in the litigation process.

5. Prior to disclosing the protected health information of the Plaintiff to persons involved in this litigation, counsel shall inform each such person that such protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving such protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return the protected health information of the Plaintiff to the covered entity or destroy any and all copies of protected health information pertaining to the Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court. In the alternative, counsel shall protect the confidentiality of the records for so long as they are retained by counsel or maintained in the Nebraska State Archives,

and shall limit further uses and disclosures of confidential information as required by this Order.

7. This Order does not control or limit the use of protected health information pertaining to the Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file the protected health information of the Plaintiff under seal.

<u>PROTECTIVE ORDER FOR CONFIDENTIAL INMATE INDIVIDUAL FILES</u>

Pursuant to Fed. R. Civ. P. 26(c) and Neb. Rev. Stat. § 83-178, the Court finds good cause for the issuance of a protective order and ORDERS as follows:

10. The parties and their attorneys are hereby authorized to receive, subpoena and transmit Nebraska Department of Correctional Services "individual files" pertaining to the Plaintiff to the extent and subject to the conditions outlined herein.

11. For the purposes of this protective order, "individual files" shall have the same scope and definition as set forth in Neb. Rev. Stat. § 83-178.

12. The parties and their attorneys shall only be permitted to use or disclose the individual files of the Plaintiff for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial

consultants, deponents, witnesses, and other entities or persons involved in the litigation process.

13. Prior to disclosing the individual files of the Plaintiff to persons involved in this litigation, counsel shall inform each such person that such individual files may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving such individual files do not use or disclose such information for any purpose other than this litigation.

14. Any person described in paragraphs 5 or 14 to whom the parties and their attorneys wish to make a disclosure must, before disclosure, be required to read the terms of this protective order and sign the Acknowledgement of Protective Order attached to this order. The parties and their attorneys must maintain a log of all individuals of all persons to whom the information is disclosed, and retain all signed Acknowledgments for the pendency of this case (including any appeals).

15. The parties are in dispute regarding the discoverability of the "presentence investigation reports" as defined by Neb. Rev. Stat. § 29-2261, contained in inmate files. Until that dispute is resolved by further meet and confer or a ruling by the court, Defendants will segregate "presentence investigation reports" in a manner that allows them to be produced promptly if the parties so agree or the court so orders. Until that time, in the event any presentence report, or any portion thereof, is inadvertently disclosed, counsel or a party in possession of such inadvertent disclosure shall immediately notify counsel for the Defendants and either destroy such materials or return them to the disclosing party.

16. This Order does not preclude future limitations on discovery should a party seek relief under Fed. R. Civ. P. 26(c). Agreement to this protective order does not waive any rights

of any party to assert a claim of privilege as to these or similar documents, shall not affect the right of any party to seek additional protection against the disclosure of these documents or materials, and shall not be construed to require the production of any discovery by Defendants.

17. This authorization does not govern trial or other legal proceedings. The parties shall address the court at a later date on appropriate procedures for trial and other legal proceedings.

18. The provisions of this order shall remain in full force and effect until further order of this Court.

Dated this 26th day of August, 2019.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

# Acknowledgement of Protective Order

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND:

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nebraska in the case of *Jane Doe, v. Scott Frakes, et al.*, No. 8:19-cv-252. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is the subject of this Stipulated Protective Order to any person or entity, except in strict compliance with the provisions of this Order.

Date: _____

City and State where sworn and signed: _____

Signed Name: _____

Business Address: _____

Title/Position: _____