# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>  vs.<br><br>SCOTT FRAKES, Director of the Department of Corrections, in his individual and official capacity; BRIAN GAGE, former Warden of the Tecumseh State Correctional Institute, in his individual capacity; DIANE J. SABATKA-RINE, former Deputy Director of Institutions, now Chief of Operations, in her individual capacity; RANDY T. KOHL, former Director of Health Services at Department of Correctional Services; JEFFREY A. DAMME, Medical Doctor, in his individual capacity; CORRECT CARE SOLUTIONS, LLC, CHRISTOPHER ULRICH, former Sergeant at Department of Corrections, was Acting Lieutenant of Tecumseh State Correctional Institute, in his individual capacity; CRYSTAL REMPEL, former Corporal at Department of Corrections, was Acting Yard Supervisor of Tecumseh State Correctional Institute, in her individual capacity; LUCAS ROEDE, former Corrections Officer at Department of Corrections Tecumseh State Correctional Institute, in his individual capacity; SARAH GLASS, former Unit Case Worker at Department of Corrections, Tecumseh State Correctional Institute, in her individual capacity; and SONNY STEELE, former Unit Case Worker at Department of Corrections, Tecumseh State Correctional Institute, in his individual capacity;<br><br>    Defendants. | 8:19CV252<br><br>SECOND AMENDED FINAL PROGRESSION ORDER |

  THIS MATTER is before the Court on the parties' Joint Motion to Extend Progression Order Deadlines. (Filing No. 121.) The motion is granted. Accordingly,

  IT IS ORDERED that the provisions of the Courts previous final progression orders remain in effect, and in addition to those provisions, progression shall be amended as follows:

  1)  The Pretrial Conference and Trial will not be set at this time. The status conference presently scheduled for May 4, 2021 <u>is canceled.</u> A status conference to **discuss case progression, the parties' interest in settlement and the pretrial conference and trial settings** will be held with the undersigned magistrate judge on **June 29, 2021** at **3:00 p.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 109.)

2)     The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the defendant(s):         **March 15, 2021**

3)     The deposition deadline is **June 29, 2021**.

    a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 10.

    b. Depositions will be limited by Rule 30(d)(1), except as follows: The parties agree to advance all related costs of their own expert witnesses' preparation prior to being deposed by the other side, and to pay reasonable expert fees only for time spent deposing the other side's experts in arrears.

4)     The deadline for filing motions to dismiss and motions for summary judgment is **August 24, 2021**.

5)     The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **August 3, 2021**.

6)     Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7)     The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

8)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 28th day of December, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.