IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT FRAKES, Director of the Department of Corrections, in his individual and official capacity; BRIAN GAGE, former Warden of the Tecumseh State Correctional Institute, in his individual capacity; DIANE J. SABATKA-RINE, former Deputy Director of Institutions, now Chief of Operations, in her individual capacity; CHRISTOPHER ULRICH, former Sergeant at Department of Corrections, was Acting Lieutenant of Tecumseh State Correctional Institute, in his individual capacity; CRYSTAL REMPEL, former Corporal at Department of Corrections, was Acting Yard Supervisor of Tecumseh State Correctional Institute, in her individual capacity; LUCAS ROEDE, former Corrections Officer at Department of Corrections Tecumseh State Correctional Institute, in his individual capacity; SARAH GLASS, former Unit Case Worker at Department of Corrections, Tecumseh State Correctional Institute, in her individual capacity; and SONNY STEELE, former Unit Case Worker at Department of Corrections, Tecumseh State Correctional Institute, in his individual capacity;<br><br>Defendants. | 8:19CV252<br><br>ORDER |

This matter is before the Court on Defendants' Motion for Leave to File Motion for Summary Judgment Out of Time or Extend Dispositive Motions Deadline (Filing No. 139). The motion will be granted.

**PROCEDURAL BACKGROUND**

This suit was removed to this Court on June 13, 2019. (Filing No. 1.) A progression order was entered on September 30, 2019, setting the dispositive motion deadline as June 29, 2020. (Filing No. 62.) An amended complaint was filed on March 31, 2020. (Filing No. 98.) Following the filing of answers to the amended complaint, the parties were ordered to confer and submit proposed case progression deadlines to the Court. (Filing No. 106.) Following receipt of these proposed deadlines, an amended progression order was entered on May 11, 2020. (Filing No. 110.) The deposition deadline was set as April 30, 2021 and the deadline for filing dispositive motions was extended to June 25, 2021. The parties filed a joint motion to extend on October 19, 2020, requesting that the discovery and motion to compel deadlines contained in the amended progression order be extended by sixty days. (Filing No. 116.) The motion was granted and the written discovery deadline was extended to December 4, 2020 and the motion to compel deadline was extended to December 18, 2020. (Filing No. 117.) Another joint motion to extended progression deadlines was filed on December 22, 2020, requesting that the deadlines contained in the amended progression order be extended sixty days because the parties needed additional time to complete discovery. (Filing No. 121.) The motion was granted and a second amended progression order was entered on December 28, 2020. (Filing No. 123.) The deposition deadline was extended to June 29, 2021 and the dispositive motion deadline was extended to August 24, 2021.

The Court held a telephone conference with the parties on June 29, 2021, and thereafter entered a trial setting order setting the pretrial conference for February 8, 2022, with trial to commence on March 8, 2022. (Filing No. 127.) The order extended the deposition deadline to July 30, 2021, and the dispositive motion deadline to September 24, 2021. The order also directed the parties to submit a proposed pretrial conference order by 12:00 p.m. on February 3, 2022.

When the parties did not submit their proposed pretrial order on February 3, 2022, as ordered in the trial setting order, chambers of the undersigned contacted counsel to inquire as to

the submission of the pretrial order. Counsel contacted the undersigned's chambers to request a conference with the Court because neither counsel had the pretrial order date on their calendars. The parties also informed the undersigned chambers that they were not prepared to go to trial as scheduled. The undersigned held a telephone conference with the attorneys on February 3, 2022. At that time, counsel for the parties advised chambers that neither of them had placed the pretrial conference date on their calendars. Defendants' counsel also indicated that the trial date had not been placed on her calendar. Upon the request of the parties during the telephone conference, the undersigned agreed to extend the deposition deadline to February 28, 2022. The undersigned inquired as to the dispositive motion deadline and Defendants' counsel indicated Defendants still planned to file motions for summary judgment. Plaintiff's counsel was unaware the dispositive motion deadline had passed but still objected to an extension of that deadline. Therefore, the undersigned granted Defendants until February 7, 2022 to file a motion to extend the summary judgment deadline. (Filing No. 137.) The pretrial and trial were also re-set during the telephone conference and on February 4, 2022, the undersigned entered an amended trial setting order, resetting the pretrial conference to March 5, 2022 and moving the trial date to June 14, 2022. ([Filing No. 138](#).) Defendants filed the instant Motion for Leave on February 7, 2022.

## DISCUSSION

Defendants seek leave to file a dispositive motion out of time. Under [Fed. R. Civ. P. 16](#), a progression order schedule "may be modified only for good cause." [Fed. R. Civ. P. 16](#). "In demonstrating good cause, the moving party must establish that the scheduling deadlines cannot be met despite a party's diligent efforts." [*Thorn v. Blue Cross & Blue Shield of Fla., Inc.*, 192 F.R.D. 308, 309 (M.D. Fla. 2000)](#) (quotation and citation omitted). In addition to the good cause requirement, when a motion is made after the time has expired, the court may extend the time "if the party failed to act because of excusable neglect." *See* [Fed. R. Civ. P. 6(b)(1)(B)](#). "The determination as to what sort of neglect is considered excusable is an equitable one, taking account of all relevant circumstances surrounding the party's own omission." [*Miller v. Kellogg USA, Inc.*, Case No. 8:04CV500, 2006 WL 468315, *2 (D. Neb. Feb. 27, 2006)](#) (quotation and citation omitted).

The Court finds Defendants have shown good cause and excusable neglect for the requested extension. It is apparent to the Court that the parties have been operating under the

understanding that motions for summary judgment would be filed following completion of depositions. From the beginning of this case, the summary judgment deadline has been after the deposition deadline. In telephone conferences with the Court, Defendants have consistently maintained they would be filing motions for summary judgment. At the status conference held on June 29, 2021, the Court asked Defendants if they would be filing for summary judgment. They indicated they would be. The undersigned also discussed with counsel whether they had discussed settlement. Defendants' counsel indicated that they needed a ruling on summary judgment before they could explore settlement with Plaintiff. It appears that counsel even discussed amongst themselves that Defendants intended to file motions for summary judgment upon completion of depositions.

There have been multiple motions requesting extensions of the dispositive motion and deposition deadlines per the joint request of the parties. Each time, the dispositive motion deadline was moved along with the deposition deadline. At the June 29, 2021 conference, counsel again asked the Court to extend the deposition deadline and the summary judgment deadline, which the Court granted. Plaintiff's counsel was not even aware that the dispositive motion deadline had passed until the telephone conference with the Court on February 3, 2022. In short, Defendants' desire to file motions for summary judgment following expiration of the deposition deadline, which is now February 28, 2022, is no surprise to Plaintiff.

Further, extending the dispositive motion deadline will not further delay trial. Trial in this action could have occurred in March, 2022, but counsel failed to place the pre-trial date on their calendars. At the time the proposed pretrial order was due, depositions had not been completed and *neither* party was ready to go to trial. Consequently, the Court had to move the trial to June. Upon the *joint* request of the parties, the undersigned also moved the deposition date to February 28, 2022—even though the deposition deadline had expired on July 30, 2021. The undersigned recognizes that the dispositive motion deadline expired some time ago, but so did the last deposition deadline. Allowing Defendants fourteen days following completion of depositions to file summary judgment motions will not result in any further delay of the trial date or prejudice Plaintiff.

Equity also favors granting Defendants' requested extension. Frankly, it appears quite disingenuous for Plaintiff to argue she will be prejudiced if Defendants are allowed to file motions

4

for summary judgment at this time. Plaintiff's counsel was well-aware that Defendants planned to file motions for summary judgment following completion of depositions. Plaintiff's counsel was not even aware that the dispositive deadline had passed, further evidencing Plaintiff's counsel's awareness that the parties were operating on a schedule outside the amended progression order. This is compounded by the reality that neither party was ready to go to trial by the date set by the Court following consultation with counsel. While the Court does not recommend that parties operate on unwritten agreements amongst themselves, this appears to be exactly what occurred in this case. For the reasons explained above, the undersigned finds good cause and excusable neglect and, therefore, will extend the dispositive motion deadline.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Leave to File Motion for Summary Judgment Out of Time of Extend Dispositive Motions Deadline ([Filing No. 139](Filing No. 139)) is granted. The dispositive motion deadline is extended to March 14, 2022. No further extensions will be granted.

Dated this 18th day of February, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge