## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JANE DOE,** | **Case No. 8:19-cv-252** |
| **Plaintiff,** | |
| **v.** | **ORDER ON FINAL PRETRIAL**<br>**CONFERENCE** |
| **SCOTT FRAKES, et al.,** | |
| **Defendants.** | |

A final pretrial conference was held on the 5th day of May, 2022. Appearing for the parties as counsel were Joy Shiffermiller on behalf of Plaintiff, and Phoebe Gydesen on behalf of Defendants.

(A)   <u>Exhibits</u>.  See attached Exhibit List.

   Caution: Upon express approval of the judge holding the pretrial conference for good cause shown the parties may be authorized to defer listing of exhibits or objections until a later date to be specified by the judge holding the pretrial conference. The mere listing of an exhibit on an exhibit list by a party does not mean it can be offered into evidence by the adverse party without all necessary evidentiary prerequisites being met.

(B)   <u>Uncontroverted Facts</u>.  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

   1. Tecumseh State Correctional Institution (TSCI) is a 960-bed state prison facility established in 1997 and located in Tecumseh, Nebraska.
   2. TSCI is a prison facility within the Nebraska Department of Correctional Services.
   3. Plaintiff, Jane Doe, is a transgender inmate transitioning from male to female.
   4. On May 10, 2015, Plaintiff was an inmate at TSCI in Housing Unit 2. Housing Unit 2 contained four sections called "galleries," namely: A, B, C, and D. Plaintiff was housed in Gallery A.
   5. Defendant does not claim that Plaintiff participated in the riot.

1

6. On May 15, 2015, Scott Frakes was Director of the Nebraska Department of Correctional Services.
7. On May 15, 2015, Brian Gage was the Warden of TSCI.
8. On May 15, 2015, Diane Sabatka-Rine was Deputy Director of Institutions for the Nebraska Department of Correctional Services.
9. On May 15, 2015, Christopher Ulrick was Acting Lieutenant of TSCI.
10. On May 15, 2015, Crystal Rempel was the yard supervisor of TSCI.
11. On May 15, 2015, Lucas Roede was a corrections officer at TSCI.
12. On May 15, 2015, Sonny Steele was a unit case worker at TSCI.
13. Plaintiff remains an inmate within the Nebraska Department of Correctional Services.
14. At all times, the individual Defendants were acting in their individual capacity, and were acting under color of state law.
15. Plaintiff is a transgender individual who was transitioning to be a woman at the time of her conviction.
16. Plaintiff was convicted of forgery in the 2nd degree on July 8, 2013. Plaintiff was given a habitual criminal sentence enhancement adding a mandatory minimum of ten years to her sentence.

(C) <u>Controverted and Unresolved Issues</u>.   The issues remaining to be determined and unresolved matters for the court's attention are:

Plaintiff believes the following issues remain to be determined by the court:

1. Whether Defendants' and each of them failed to protect the Plaintiff from the serious, unnecessary, and wanton infliction of pain at the hands of other prisoners.
2. Whether the Eighth Amendment, as applied to prisoners through the Due Process Clause of the 14th Amendment, requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody.
3. Whether the Defendants' and each of them failed to take reasonable measures to guarantee the safety of the plaintiff, an inmate in their custody.
4. Whether as a result of Defendant's actions, Plaintiff has suffered and continues to suffer hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life which entitles her to compensatory and punitive damages.

Defendants believe the following issues remain to be determined by the court:

1. Whether any of the Defendants were deliberately indifferent to a known and excessive risk of physical harm to Plaintiff in violation of Plaintiff's Eighth Amendment rights.
2. Whether any damages for hardship, emotional distress, humiliation, embarrassment, inconvenience, and/or loss of enjoyment of life exist and their nature and extent.
3. Whether sufficient evil motive or intent, reckless or callous indifference to the federally protected right of Plaintiff exists to award punitive damages.
4. Whether Plaintiff as prevailing party is entitled to an award of any attorney fees and expert costs under 42 U.S.C. § 1988.
5. Whether Defendant as prevailing party is entitled to an award of any attorney fees and expert costs under 42 U.S.C. § 1988.
6. The appropriate award of costs of this action.
7. Whether the Court should order injunctive relief against Scott Frakes, in his official capacity, requiring the Nebraska Department of Corrections to comply with nationally mandated standards related to prison capacity.

Defendants also identify the following unresolved issues for the court's attention:

1. Defendants' pending Motion for Summary Judgment on the issues of qualified immunity as well as the merits of Plaintiff's claim.
2. Defendants' pending Motion in Limine.
3. A number of the exhibits contained in the parties' List of Exhibits should only be offered and received under seal.


List all legal issues remaining to be determined, setting out in detail each element of the claim or defense which is genuinely controverted (including issues on the merits and issues of jurisdiction, venue, joinder, validity of appointment of a representative of a party, class action, substitution of parties, attorney's fee, and applicable law under which it is claimed, and prejudgment interest). Specify any special damages or permanent injuries claimed. In any negligence action, specify elements of negligence and contributory negligence, if any. Any other unresolved matters requiring the court's attention, such as possible consolidation for trial, bifurcated trials on specified issues, and pending motions, shall also be listed.

3

(D)    <u>Witnesses</u>.  All witnesses, including rebuttal witnesses, expected to be called to testify by plaintiff, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.  Jane Doe, Lincoln, Nebraska                    Will Call
2.  Scott Frakes Lincoln, Nebraska                 Will Call
3.  Brian Gage  Lincoln, Nebraska                  Will Call
4.  Diane J. Sabatka-Rine  Lincoln, Nebraska       May Call
5.  Christoper Ulrich Beatrice,  Nebraska          Will Call
6.  Crystal Rempel  Syracuse, Nebraska             Will Call
7.  Lucas Roede Beatrice,  Nebraska                Will Call
8.  Sarah Glass  Tecumseh, Nebraska                May Call
9.  Sonny Steele Shelton, Nebraska                 May Call
10. Thomas Fithian  Olympia Washington             Will Call Via Deposition
11. Dr. Jean Amoura Omaha Nebraska                 May Call
12. Dr. Amanda Randall Omaha Nebraska              May Call
13. Dr. Antoni Hanigan Lincoln Nebraska            May Call
14. Dakota McCormack Omaha Nebraska                May Call
15. (F/N/U) O'Hara Tecumseh, Nebraska              May Call
16. Diane (L/N/U) Tecumseh, Nebraska               May Call
17. Orlando (L/N/U) Tecumseh, Nebraska             May Call
18. (F/N/U) Hall Tecumseh, Nebraska                May Call
19. (F/N/U) Hill Tecumseh, Nebraska                May Call
20. (F/N/U) Caseworker Dunn Tecumseh, Nebraska May Call
21. Sally (L/N/U) Tecumseh, Nebraska               May Call
22. Marge Hoags  Omaha Nebraska                    May Call
23. Marion Morgan   Omaha Nebraska                 May Call
24. Paul Thompkins Omaha Nebraska                  May Call
25. Chelsea Guiffre  Beatrice Nebraska             May Call
26. Any Witness listed by the Defendants

All witnesses expected to be called to testify by defendant, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:

1.  Scott Frakes, Lincoln, Nebraska               Will Call
2.  Diane J. Sabatka-Rine, Lincoln, Nebraska      Will Call
3.  Brian Gage, Lincoln, Nebraska                 Will Call
4.  Christopher Ulrick, Beatrice, Nebraska        Will Call
5.  Crystal Rempel, Syracuse, Nebraska            Will Call

4

6.  Lucas Roede, Beatrice, Nebraska          Will Call
7.  Sonny Steele, Shelton, Nebraska          Will Call
8.  Scott Roberts, Lincoln, Nebraska          Will Call
9.  Michelle Wilhelm, Lincoln, Nebraska       May call
10. Scott Busboom, Tecumseh, Nebraska         May Call
11. James Jansen, Tecumseh, Nebraska          May Call
12. Mark Rumery, Tecumseh, Nebraska           May Call
13. Sara Allen, Tecumseh, Nebraska            May call
14. Any witnesses identified by Plaintiff
15. The Defendants do not anticipate calling any witness solely for the purpose of establishing foundation.
16. The Defendants do not separately identify any witness who will be called if the need arises apart from the aforementioned individuals.

Defendants plan to object to the following witnesses identified by Plaintiff:

1.  Thomas Fithian (Motion In Limine has been filed.);
2.  Dr. Jean Amoura (Motion In Limine has been filed.);
3.  Dr. Amanda Randall (Motion In Limine has been filed.);
4.  Dr. Antoni Hanigan (Motion In Limine has been filed.);
5.  O'Hara (Not aware of who they are);
6.  Diane (Not aware of who they are);
7.  Orlando (Not aware of who they are);
8.  Hall (Not aware of who they are);
9.  Hill (Not aware of who they are);
10. Dunn (Not aware of who they are);
11. Sally (Not aware of who they are);
12. Marge Hoags (Any knowledge has is remote and is hearsay); and
13. Marion Morgan (Any knowledge has is remote and is hearsay).

List names and addresses of all persons who will testify in person only. Residential addresses must be listed by city and state only. The parties' witness lists shall identify those witnesses each party expects to be present and those witnesses the party may call if the need arises, and shall also identify, by placing an "(F)" following the name, any witness whose testimony is intended to be offered solely to establish foundation for an exhibit for which foundation has not been waived.

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness who has been identified as offering testimony solely to establish foundation for an exhibit shall not be permitted to testify for any other purpose, over objection, unless such witness has been disclosed pursuant to Federal Rule of Civil Procedure 26(a)(3). A witness appearing on any party's witness list may be called by any other party.

(E)    <u>Expert Witnesses' Qualifications</u>.  Experts to be called by plaintiff and their qualifications are:

1. Dr. Jean Amoura. Currently provides medical care to the Plaintiff. Amoura has knowledge of the Plaintiff's medical treatment as well as expertise in Gender Dysphoria. Amoura's address is 4350 Dewey Avenue , Omaha NE 68105. Her phone number is 402-339-4500.
2. Dr. Amanda Randall. Confirmed the Plaintiff's diagnosis of Gender Dysphoria after an evaluation on or about 02/24/2016. Randall has knowledge of Plaintiff's medical condition. Randall's address is 7701 Pacific Street, #10, Omaha, NE 68124. Her phone number is 402-390-6001.
3. Dr. Antoni Hanigan. Conducted a psychological evaluation of the Plaintiff on December 7, 2015 and confirmed the Plaintiff's previous diagnosis of Gender Dysphoria. Hanigan's address is 8550 Cuthills Circle, Lincoln, NE, 68526. Her phone number is 402-476-6060.

Experts to be called by defendant and their qualifications are:

1. Eugene Atherton, Correctional Consulting Services Group, Inc., Florence, Colorado. A curriculum vitae is attached in lieu of setting out said witness's qualifications.

(F)    <u>Voir Dire</u>.  Counsel have reviewed Federal Rule of Civil Procedure 47(a) and NECivR 47.2(a) and suggest the following with regard to the conduct of juror examination: The Court to perform the initial voir dire with opportunity for each party's counsel to make any further inquiry it deems proper.

(G)     <u>Number of Jurors</u>.  Counsel have reviewed Federal Rule of Civil Procedure 48 and NECivR 48.1 and suggest that this matter be tried to a jury composed of seven (7) members.

(H)     <u>Verdict</u>.  The parties **will not** stipulate to a less-than-unanimous verdict.

(I)     <u>Briefs, Instructions, and Proposed Findings</u>.   Counsel have reviewed NECivR 39.2(a), 51.1(a), and 52.1, and suggest the following schedule for filing trial briefs, proposed jury instructions, and proposed findings of fact, as applicable: Trial briefs, proposed jury instructions, and proposed findings of fact shall be filed fourteen (14) working days before the first day of trial.

(J)     <u>Deposition Designations</u>.   The parties shall exchange deposition designations by May 11, 2022, counter-designations and objections to designations by May 16, 2022, and objections to counter-designations by May 18, 2022.

(K)     <u>Length of Trial</u>.  Counsel estimates the length of trial will consume not less than 3 days, not more than 5 days, and probably about 4-5 days.

(L)     <u>Trial Date</u>.  Trial is set for June 14, 2022.

(M)     <u>Electronic Devices</u>.  Scott Frakes, Defendant, shall be allowed to bring a cell phone into the courtroom from June 14, 2022 through June 20, 2022.

s/Joy Shiffermiller
Joy Shiffermiller, #18164
Shiffermiller Law Office, P.C., L.L.O.
1002 G Street
Lincoln, Nebraska 68508
Phone: (402) 484-7700

s/Phoebe L. Gydesen
Phoebe L. Gydesen, #26333
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509

Fax: (402) 484-7714                     Phone:(402) 471-2682
*Attorney for Plaintiff*                   *Attorneys for Defendants*


BY THE COURT:


Susan M. Bazis
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **JANE DOE,** | **Case No. 8:19-cv-252** |
| **Plaintiff,** | |
| **v.** | |
| **SCOTT FRAKES, et al.,** | **LIST OF EXHIBITS** |
| **Defendants.** | |

Trial Date(s): June 14-18, 2022

| EXHIBIT NO. | | DESCRIPTION | OFF | OBJ | RCVD | NOT RCVD | DATE |
|---|---|---|---|---|---|---|---|
| **PLF** | **DFS** | | | | | | |
| 1 | | Plaintiff's inmate file (Requesting be received under seal) | | | X | | |
| 2 | | Plaintiff's medical file (Requesting be received under seal) | | | X | | |
| 3 | | Plaintiff's mental health file (Requesting be received under seal) | | | X | | |
| 4 | | 12/7/15 Rpt Dr. Antoni Hanigan (Requesting be received under seal) | | R; F; H; failure to comply with Fed. R. Civ. P. 26(a)(2) and/or Improper Opinion/Expert Testimony | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5 | | 2/25/16 Letter Amanda Duffy Randall PHD (Requesting be received under seal) | R; F; H; failure to comply with Fed. R. Civ. P. 26(a)(2) and/or Improper Opinion/Expert Testimony | | | |
| 6 | | 2015 omb_tsc_riot with attachments (Defendant requesting exhibit be received under seal) | R; H; subsequent remedial measures; Neb. Rev. Stat. § 81-8,253 | | | |
| 7 | | Tecumsehprisonreport 6.29.15 | R; F; H; subsequent remedial measures; failure to comply with Fed. R. Civ. P. 26(a)(2) and/or Improper Opinion/Expert Testimony | | | |
| 8 | | Causes, Course, and Change by Useem and Pacholke (Requesting be received under seal) | R; F; H; subsequent remedial measures; failure to comply with Fed. R. Civ. P. 26(a)(2) and/or Improper Opinion/Expert Testimony | | | |

| 9 | | Frakes Memo 4-20-17 | R; H; subsequent remedial measures | | | |
|---|---|---|---|---|---|---|
| 10 | | CERT and SORT Policies (Requesting be received under seal) | | X | | |
| 11 | | Operational Memorandums (Requesting be received under seal) | | X | | |
| 12 | | Policies and Procedures, Incident Report Plan Vol. II And AR's Bates 5604-5712 (Requesting be received under seal) | | X | | |
| 13 | | List of Corrections staff working 5-10-15 | | X | | |
| 14 | | Incident reports from the riot (Requesting be received under seal) | | X | | |
| 15 | | Nebraska State Patrol H15-8778 (Requesting be received under seal) | R; F; H | | | |
| 16 | | Photographs of the aftermath of the riot | R | | | |
| 17 | | Video taken of Housing unit 2 post riot (Requesting be received under seal) | R | | | |
| 18 | | Surveillance Videos of yard and of Housing Units (Requesting be received under seal) | R | | | |
| 19 | | Tower video taken 5/10/15 (Requesting be received under seal) | R; F; H | | | |

| 20 | | Nebraska Fire Marshall report and photos (Requesting be received under seal) | R; F; H | | | |
|---|---|---|---|---|---|---|
| 21 | | Files NSP lab(Requesting be received under seal) | R; F; H | | | |
| 22 | | NSP Photos (aerial surveillance) | | X | | |
| 23 | | Files State Assault Investigations and Tattoos (Requesting be received under seal) | R; F; H | | | |
| 24 | | Door Action report by Conneally (Requesting be received under seal) | R; F; H | | | |
| 25 | | Jane Doe Cell Mates | R | | | |
| 26 | | NDCS Radio & Telephone Transcript, Vol. 1, pt. 2 (Requesting be received under seal) | R; F; H | | | |
| | 27 | Nebraska Department of Correctional Services (NDCS) Administrative Regulation (AR) 203.06, Emergency Tactical Teams & Crisis Negotiation Team (DEF 693-710) (Requesting be received under seal) | | X | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | 28 | NDCS Policies and Procedures, Incident Report Plan Vol. II Inmate Disturbances/Riots – Incident Action Plan (DEF 5604-5712) (Requesting be received under seal) | | | X | | |
| | 29 | May 10, 2015-May 11, 2015 Tecumseh State Correctional Institute Command Center Operations (Requesting be received under seal) | H | | | | |
| | 30 | May 10, 2015-May 11, 2015 Tecumseh State Correctional Institute Synopsis of Events (Requesting be received under seal) | H | | | | |
| | 31 | Incident Reports from the Riot (DEF 5713-6269) (Requesting be received under seal) | | | X | | |
| | 32 | Map of Tecumseh State Correctional Institution | | | X | | |
| | 33 | Eugene Atherton CV | F | | | | |
| | 34 | ACA Accreditation Report | | H 403 | | | |
| | 35 | Interviews of Jane Doe (DEF 7874-7876 & DEF 7930-7931) | H F | | | | |
| | 36 | NSP Audio Recording of Interview of Jane Doe (Requesting be received under seal) | | | X | | |

| | 37 | Plaintiff's Answers to Interrogatories | | O ( I just think they just are read in.) | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

**OBJECTIONS**
> **R: Relevancy**
> **H: Hearsay**
> **A: Authenticity**
> **O: Other (specify)**


s/ Joy Shiffermiller
Joy Shiffermiller, #18164
Shiffermiller Law Office, P.C., L.L.O.
1002 G Street
Lincoln, Nebraska 68508
Phone: (402) 484-7700
Fax: (402) 484-7714
*Attorney for Plaintiff*

s/ Phoebe L. Gydesen
Phoebe L. Gydesen, #26333
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
2115 State Capitol
Lincoln, Nebraska 68509
Phone:(402) 471-2682
*Attorneys for Defendants*

CURRICULUM VITAE
OF
EUGENE E. ATHERTON

**Professional Objective**

To provide quality training and correctional systems services

**Personal**

Work:  101 Yucca Ave.
          Florence, CO 81226

Phone:        719 784 0870

**Educational**

School:       Michigan State University
              East Lansing, Michigan 48824

Major: Social Science - Industrial and labor relations

Emphasis:     Industrial and Labor Relations and Personnel Mgt.

Areas of
Study:  Economics, Business Mgt., Political Science, Psychology, Latin American Studies

Degree:       Bachelor of Arts - March of 1971

**Employment**

June 2004 – Present                    Correctional Consulting Services Group, LLC
                                       Criminal Justice Consultants
                                       101 Yucca Ave.
                                       Florence, CO 81226

                        Position:      President
                        Duties:        To provide direction and services to clients in a
                                       variety of correctional subject areas such as organizational
                                       mgt., staffing issues, use of force event assessment and
                                       systems development, security auditing and auditing
                                       systems development, expert witness services, training and
                                       curriculum development, emergency management systems
                                       development and training, conditions of confinement,
                                       management of high risk inmates, facility design,

1

planning/program development and activation, and human resource management. To act as the program manager for correctional institutions (Prisons/Jails) for the *National Law Enforcement and Corrections Technology Center* (NLECTC), providing technology information services to corrections.

December 2011 – December 2013     United States Department of State – International Narcotics and Law Enforcement Program. Washington, DC.

Position:     Corrections Advisor
Supervisor:   Liam O'flanagan, Corrections Programs Manager
Duties:       To provide advisory services on corrections issues to the US Department of State/US Embassy and the Government of the Islamic Republic of Afghanistan. The advisory dutites include subject matter areas of training, coordination of international support efforts, policy development, prison construction and renovation, program assessment assignments related to prisons and jails in Afghanistan. Two special commendations received from Ambassador Cunningham at the U.S. Embassy in Afghanistan.

May 2002 – June 2004     Colorado Department of Corrections
P.O. Box 300
Canon City, CO 81215

Position:     Assistant Director Of Prison Operations – Western Region
Supervisor:   Nolin Renfrow, Director of Prison Operations, Colorado Department of Corrections.
Duties:       Responsible for leadership and management of eight Colorado State Prisons from minimum to maximum security involving nearly eight thousand inmates and two thousand five hundred employees. Responsible for the supervision of the Wardens of each facility and oversight of the personnel process, budget management, policy development, standards compliance, inmate programs, medical and mental health services, physical plant, and relations with all external  agencies.

January 1999 – May 2002     Colorado State Penitentiary
P.O. Box 777

2

Canon City, CO 81215-0777

Position:       <u>Warden</u>, Colorado State Penitentiary
Supervisor:    Jerry Gasko, Deputy Director, Prison Operations, Colorado
                Department of Corrections
Duties:          Responsible for leadership and management of a 756 bed
                maximum custody (level 5 security) correctional facility
                (CSP) in Canon City, Colorado. CSP features the
                management of the highest risk inmates in a highly secure
                environment designed to minimize the impact of those
                inmates on the rest of the population and to, simultaneously
                expose those inmates to programs that will expedite their
                change in behavior and return to more normal
                environments. Responsible for the direction of 438.0
                employees, all fiscal operations, policy development,
                operational systems, standards compliance, community
                relations and relationships with all external agencies,
                organizational planning, physical plant renovation and
                building projects, and all personnel issues.

September 1997 - January 1999       Buena Vista Correctional Facility
                                    P.O. Box 2017
                                    Buena Vista, CO 81211-2017

Position:       <u>Warden</u>, Buena Vista Correctional Facility
Supervisor:    Carl Zenon, Director, Region I, Colorado Department of
                Corrections
Duties: Responsible for leadership and management of a 1140 bed medium
                custody correctional facility (BVCF) in Buena Vista,
                Colorado. BVCF features numerous vocational,
                educational, and specialty programs such as the ABoot
                Camp@, a minimum center public labor program, and
                ranching operations. Responsible for the direction of 398.0
                employees, all fiscal operations, policy development,
                operational systems, standards compliance, community
                relations and relationships with all external agencies,
                organizational planning, physical plant renovation and
                building projects, and all personnel issues.

December 1993 - September 1997      Colorado Department of Corrections, 2862 South Circle
                                    Drive, Suite 400,
                                    Colorado Springs, Colorado   80906

Position:       Program Administrator-<u>Security Specialist for Colorado
                Corrections</u>.

3

Supervisor:    Nolin Renfrow, Director of Staff, Colorado Department of Corrections

Duties: Responsible for the Departmental emergency plan development and implementation, for the development and implementation of security systems, <u>auditing security systems</u>, management of a post and position staffing analysis, <u>staffing audit systems</u>, the development of facility level emergency response teams, and for leadership in the design and activation of new and renovated correctional facilities. Oversight responsibilities for the <u>DOC Security Technology Committee</u> and the DOC Security Council. Acted as lead design person in the development of the DOC=s new AMega@ prison concept with first construction at Sterling Correctional Facility. Responsible for creation or critical input of DOC policy related to security and emergency management. Responsible to lead the DOC in establishing standards for security systems, equipment, and hardware used at all facilities.

April 1992 - December 1993  Colorado Department of Corrections,
2862 South Circle Drive, Suite 400,
Colorado Springs, Colorado   80906

Position:    Program Administrator-<u>Facility Planning & Activation</u>

Supervisor:    Nolin Renfrow, Deputy Warden, Colorado State Penitentiary

Duties: Responsible for design & planning for Colorado State Penitentiary (CSP) and San Carlos Correctional Facility. Responsible to activate CSP with respect to direction of construction (operations impact), hiring/training staff, development of all operation systems and related policy, management of all purchasing and receiving of equipment, coordination of budgets, and providing direction to the over all process.

September 1990 - April 1992 Buena Vista Correctional Facility, P.O. Box 2017,
Buena Vista, Colorado 81211

Position:    <u>Correctional Manager</u> - Housing

Supervisor:    Gary Neet, Deputy Warden

Duties: Fourth in command of a 1040 bed medium security correctional facility with facility-wide administrative responsibilities. Manager of the Housing Department, staffed by one hundred and three (103) personnel. Responsible for policy development, budget management, planning, operational problem-solving, training, direct supervision of seven (7)

4

supervisory staff, management of facility case management & classification system, and management of the Segregation Housing Unit Living Unit.

July 1987 - September 1990:  Buena Vista Correctional Facility, P.O. Box 2017
                          Buena Vista, Colorado 81211

Position:       Correctional Manager - Security
Supervisor:     Randall L. Henderson, Deputy Warden
Duties:  Third in command of a 1040 bed medium security correctional facility with facility-wide  responsibilities. Manager of the Security Department staffed by sixty (60) personnel. Responsible for policy development, budget management, planning, operational problem-solving, training, direct performance supervision of seven (7) supervisory staff and the development of facility emergency response capabilities.

.
November 1984-July 1987         Buena Vista Correctional Facility, P.O. Box 2017
                          Buena Vista, Colorado  81211

Position:       Correctional Supervisor
Supervisor:     Frank Miller, Correctional Manager (Retired)
Duties:  Responsible for a correctional living unit on a 24 hour, seven-day per week basis. Supervision of eighteen (18)staff. Responsible for all areas of security, case management, maintenance and issues affecting inmate welfare in the facility.

December 1980 – November 1984   Buena Vista Correctional Facility, P.O. Box 2017,
          Buena Vista, Colorado  81211

Position: Correctional Specialist
Supervisor:John Clark (Retired) and Dennis Berry (resigned)
Duties:  Housing unit shift supervisor, supervision of a living unit employees, case management responsibilities, security, direct supervision of inmates, and maintenance of physical plant.

April 1977 – December 1980 Buena Vista Correctional Facility, P.O. Box 2017
          Buena Vista, Colorado  81211

Position:Correctional Technician
                Supervisor:     Ervin Sage (Retired)
Duties:  Living unit security, operations, and inmate case management.

5

**Professional Memberships**

- American Correctional Association.

- Buena Vista Correctional Facility Tactical Weapons Team 1984-1987

- Buena Vista Correctional Facility Tactical Disturbance Team 1983-1987

- Buena Vista Correctional Facility Hostage Negotiation Team 1983-1987

- Buena Vista Correctional Facility Fugitive Tracking Team 1980-1987

- Appointed member of the American Correctional Association Committee on Standards for Adult Correctional Institutions 2004.

**Training**

- Crises Intervention Training, Letra Incorporated, 40 hours 1981.

- National Institute of Corrections, Advanced Management, "Correctional Management", 80 hours, January, 1985.

- National Institute of Corrections, Advanced Management, "Managing the Organization", 80 hours, 1986, Boulder, Colorado.

- National Institute of Corrections, Advanced Management, "How to Influence the External Environment of the Correctional Organization", 40 hours, February, 1987.

- National Institute of Corrections, Outreach Program, "Team Building", 24 hours, 1988.

- National Institute of Corrections, Outreach Program, "Hostage Negotiation", Dr. Homer Keeny, 40 hours, 1986.

- National Institute of Corrections, "Management of Prison Gangs and Disturbances", 24 hours, June 1990.

- Colorado Department of Disaster Emergency Services, "Emergency Exercise Design", 24 hours, 1988.

- Emergency Management Training, Michigan Department of Corrections, 32 hours, March 1990.

6

- Course Designer/presenter, "Hostage Survival", 2 hour presentation, Buena Vista Correctional Facility, 1988.

- Course Designer/presenter, "Hostage Survival", 2 hour class presentation, Colorado Department of Corrections Basic Training Academy, 1990-1991. Commendation received.

- Colorado Mountain College, Spring Semester -1992 Instructor/course designer, "Management and the Correctional Organization".

- National Institute of Corrections, "Security Auditing", 40 hours, September, 1994.

- National Institute of Corrections - Jails Division, "Planning of New Institutions", 40 hours, September, 1996.

- Colorado Department of Corrections, "Emergency Plan Training", 8 hours, Student/Qualified as trainer, November, 1996.

- National Institute of Corrections, "Assessment of Emergency Plans", 40 hours, February, 1997. Presented by Jeff Schwartz, LETRA, Incorporated. Students used audit instruments and hands-on auditing experience at local prisons in the State of Tennessee.

- Colorado Correctional Association, "Employee Domestic Violence", 2 hours, October, 1998.

- National Institute of Corrections, "Correctional Supervision for first line supervisors", 36 hours, March, 1998. Student/Qualified as trainer.

- Colorado Training Academy, "Correctional Supervision", sanctioned as an instructor, June, 1998.

- Colorado Correctional Association, "Legal Issues For Supervisors", October, 1998.

- Colorado Department of Corrections, "Team Building for Wardens", December, 1998.

- Colorado Department of Corrections, "Training for Trainers – Sexual Misconduct in a Correctional Setting", July, 2000.

- Principled Centered Leadership Training, Steven Covey Corporation, 40 hours, August and September, 2001.

7

- Use Of Force, <u>Certified Instructor in Pressure Point Control Tactics</u>, Colorado Department of Corrections, April 24, 2000.

- National Institute of Corrections/National Institute of Justice, <u>Cultural Assessment Training</u>, Nashville Tennessee, May, 2002. Certified to act in cultural assessments of correctional organizations.

- Department of Homeland Security/FEMA courses completed in March thru June, 2014: ICS 100,200,300, 700, and 800 level courses.

## **Professional Accomplishments**

- <u>Contributing author of Staffing Analysis for Buena Vista Correctional Facility (BVCF)</u>. Member of the presentation team on Staffing Analysis to Chase Riveland, Executive Director of the Colorado Department of Corrections – 1985/1986.

- Special commendations received in the <u>fugitive tracking missions</u> of inmate Ellis, June 1984 and inmate Schruder, August 28, 1985 at BVCF.

- Supervisor of the planning, proposals and implementation of a <u>facility communication project at BVCF</u>. All radio communications were upgraded according to modern emergency management requirements in a correctional setting. Commendation received in 1988.

- Supervisor of the planning, proposals and implementation of a <u>facility locking design/renovation</u> study at BVCF. Commendation received in 1988.

- Initiator of a <u>facility-wide orientation program for emergency response</u> policy at BVCF (read/review) – 1988.

- Developed and implemented a facility system for <u>staff/inmate accountability and identification</u> to include supervision of facility guests at BVCF – 1989. In later years the same system was adopted statewide.

- Developed and implemented a system for <u>monitoring/testing staff performance at security posts</u> at BVCF – 1989. Implemented same system at CSP in 1997. Wrote and provided policy recommendations approved by the Executive Director for statewide application of the system in Executive level policy in 2003.

- Emergency Response Team <u>Tactical Commander 1986-1990. Field Commander</u> of all fugitive search missions during that time period. Directed tracking training. Approximately 28 of 32 fugitives apprehended in immediate area of escape.

- Developed and implemented the <u>"Emergency Mobilization" policy</u> at BVCF to address immediate needs at the outset of a facility emergency, including the

8

activation of our emergency responder system and management of all staff/inmates -
1988/89. Special commendation received.

- Developed/designed <u>facility command centers</u>, including communications and
provision of command center policy, procedure, and documentation which included
physical plant information concerning the facility - 1988.

- Initiated proposals and consulted on the development of a <u>new facility perimeter and
yard lighting system</u> - 1987/1989. Project completed 1991.

- <u>Electronic Control Devices</u>: Appointed by the Department of Corrections as the task
force leader to review evidence and make recommendations concerning the continued
use of electronic control devices within the Department - 1987/1988.

- <u>Emergency Response Team (ERT's)</u> Policy Development: Appointed by the Director
of Division II as a task force leader to research and develop policy proposals - 1991.
Wrote and presented Departmental policy for approval by the Executive Director in
October, 1996.

- Wrote policy, organized and implemented the first Colorado Department of
Corrections <u>Security Technology Committee</u>. Policy approved by the Executive
Director in the years 1994-1997. Led initial efforts to standardize all security
technology applications/purchases across the Department.

- Wrote policy, organized and implemented the <u>Colorado Department of Corrections
Security Council</u> which consisted of all Security Managers across the Department.
The policy required periodic meetings, an agenda of security issues and
recommendations made by the Council. The policy was approved by the Executive
Director between 1994-1997.

- Wrote policy, organized and implemented the first Colorado Department of
Corrections <u>Staff auditing and analysis effort</u> across the entire Department. Resulted
in DOC staffing policy approved by the Executive Director in the years between
1994–1997. Efforts included training of auditors, establishing an auditing format and
final reporting system related to the system. Effort included a statewide examination
and analysis of each job, position, and post in all Departments and at all prisons.

- Wrote policy, organized and implemented the first Colorado Department of
Corrections <u>Security auditing and reporting system</u> across the entire Department.
Resulting in DOC security auditing policy, training of auditors including a formally
approved curriculum, a formal CDOC auditing instrument, formal reporting system to
the Wardens, Department Heads, and Executive Staff. Responsible for these
developments between 1994-1997.

- Wrote <u>policy for the entire CDOC Emergency Management system</u> for both the

9

Executive and Facility level operations. Policy included innovative features such as check-list documents and the creation of the Emergency Support Center at DOC Headquarters. Policy signed and implemented in 1996 by the Executive Director. Later developed curriculum and was certified as an emergency management trainer at the facility level.

- Wrote policy and coordinated staff recommendations for CDOC <u>Policy on Weapons Qualification</u>. Policy included all authorized weapons, courses of fire, training requirements for staff in basic training, in-service training, and the reporting and management responsibilities related to the training academy, facility leadership, and range managers. Policy approved by the Executive Director between 1996 and 1997.

- Wrote policy and coordinated policy review and recommendations for CDOC <u>Policy on Use of Force</u>. Also participated in the related change in curriculum for UOF training across the Department. Changes in policy were many, including removal of the "use of force continuum" and replacement with the "use of force wheel" which generally depicts the relationship between options of force available and the types of risks an employee may face. The policy was approved by the Executive Director in 2001.

- Wrote policy changes for <u>CDOC Policy on Unlawful Discrimination</u>. Responsible for change which caused the definition of "sexual discrimination" to be more restrictive by removing the words "unwanted or unwelcome". The immediate effect of the change was to make <u>all sexual conduct</u> at the work sight prohibited by CDOC policy. The policy was approved by the Executive Director in 2004. Prior to the change, conducted a test application of this policy at Colorado State Penitentiary for five years. <u>Results indicated nearly one hundred per cent reduction</u> in disciplinary and formal corrective actions against staff for sexual misconduct.

- Writer, creator, editor of the <u>Colorado Department of Corrections "Safe Program" plan</u>. It is a plan which calls for the organization of Executive and administrative services in a manner which generates greater definition, training, commitment, and accountability of all Department of Corrections staff to the concept of working for <u>safety</u> across division lines throughout the Department. Final review by Executive Director completed, editing and final form to be presented for signature and initiation of program, September, 2004.

## Special Projects

- <u>Colorado State Penitentiary(CSP)</u>, 1990-1993, Leadership role in design development, construction monitoring, and transition to operation.

- <u>San Carlos Correctional Facility (SCCF)</u>, 1991-1992, Colorado Department of Corrections, leadership in design development with emphasis on security program aspects.

10

- <u>Sterling Correctional Facility (SCF)</u>, 1996-1999, Colorado Department of Corrections, leadership in design development with emphasis on security program aspects. The first "Mega" facility for Colorado.

- <u>McNeil Island Correctional Facility (MICF)</u>, September, 1994, Washington Department of Corrections, security auditor in training program sponsored by the National Institute of Corrections.

- <u>Cook County Department of Corrections (CCDOC)</u>, Chicago, Illinois, February, 1995, Technical Assistant Consultant for the National Institute of Corrections to assist in transitioning a new 1500 Maximum Security Facility from Construction Phase to full operation.

- <u>Virginia Department of Corrections</u>, Richmond, Virginia, May 1995, Technical Assistant Consultant for the National Institute of Corrections to participate as an instructor in a security auditing training program for jails and prisons.

- <u>Wyoming Department of Corrections</u>, Wyoming State Penitentiary, Rawlins, Wyo., 1996, Technical Consultant by request of the WDOC to advise on security systems and hardware related to the design and operation of Wyoming State Penitentiary. Primary focus on concerns over a history of escapes.

- <u>Emergency Management Curriculum Planning</u>, November, 1995, participated in a three day planning session at the National Institute of Corrections in Washington, D.C. The mission was to review current emergency management training curriculum and recommend changes for the future.

- <u>Connecticut Department of Corrections</u>, Somers, Connecticut, December, 1995, Technical Assistant Consultant for the National Institute of Corrections to provide assessment/audit of the security systems and programs at the Northern Correctional Institute, a level five, ASupermax@ prison.

- <u>L.A. County Jail</u>, Los Angeles, California, February, 1996, Technical Assistance Consultant for the National Institute of Corrections to participate as an instructor in a Security Auditing Training Program for the 20,000 bed Jail System.

- <u>"Guidelines For The Development Of A Security Program"</u>, American Correctional Association, Contributing Editor with a <u>special commendation</u>, April 1996 to October 1997. Book published.

- <u>Alaska Department of Corrections</u>, Anchorage, Alaska, November, 1996, Technical Assistance Consultant for the National Institute of Corrections to participate as an instructor in a training program to bring the concept of security standards and compliance measurement (auditing) to ADOC.

11

- National Institute of Corrections - Jails Division, Longmont, Co., March 1997, Technical Assistance consultant to produce a 5 day curriculum/program for teaching security auditing as a part of the annual training program.

- Projects as Technical Advisor on behalf of Colorado Department of Corrections in the area of Program Development, Design Development, Security Programs, and Activation: Colorado Women's Correctional Facility, 250 Beds in Phase I, Mixed Custody Facility, completed,
  Youth Offender System(YOS) Facility, 500 Beds, completed,
  Delta Correctional Center, 200 Bed Addition, completed
  Ft. Lyons Correctional Facility, 500 Bed Transformation of a Veterans Hospital to a Correctional Facility, completed.
  High Security Bed Expansion Project, 384 Bed Expansion Planning/Proposals for high security bed expansion in the Department, current project.

- Missing Weapon - Colorado State Penitentiary Armory, October 1997, Acted as chief representative on behalf of the DOC Executive Staff in conducting an audit of all security systems at Colorado State Penitentiary and the Colorado Training Academy related to the handling and storage of weapons under routine conditions and during the time of the missing weapon. Reported directly to the Executive Staff with follow up responsibilities to ensure appropriate systems adjustments. Missing weapon was found partially due to deliberations prompted by the audit.

- Hood/Byers Escape, November 1997, Inmates Hood and Byers escaped through the perimeter at Fremont Correctional Facility. Served at the direction of the Colorado State Governor, the DOC Executive Director, and the Deputy Director of Correctional Services as a panel member to audit all security systems related to the escape both at Fremont Correctional Facility and throughout the Department.  Designed, wrote, and edited the final report which will serve as an action plan for Departmental change.

- Emergency Management Systems Revisions, April 1997 to Present, Served on Steering Committee of Wardens and Regional Directors to revise and implement modifications of the DOC Emergency Management System, including rewriting of the Departmental policy, redesigning the emergency plans, and the development of curriculum and lesson plans for training to the system.

- Survey on Use of Force, November 1997, provided critical assessment in constructing a survey to be conducted by the American Correctional Association on use of force in US and Canadian Prisons. Worked with Mr. Craig Hemmens, faculty member, at Boise State University, Boise Idaho to finalize the instrument.

- Emergency Management/Security Systems Proposal, December 1997, provided a planning document to Correctional Systems Corporation (CSC) through a consulting group - Integrated Management and Treatment Systems (IMTS). The document proposed

12

tasks and objectives to be considered in reviewing systems and providing consulting services in specific areas of Emergency Management & Security Systems.

- Locking Systems Review, January 1998, developed a letter describing basic U.S. prison design concepts, basic prison locking system concepts, and references to providers of design and hardware services to Correctional Systems Corporation (CSC) through a consulting group - Integrated Management and Treatment Systems (IMTS). The letter was to Terry Bone, CSC representative in the United Kingdom related to constructional proposals for two prisons there.

- Request for Proposal - Staffing Analysis, January 1998, in response to a request from the Utah Department of Corrections/National Institute of Corrections, provided a critique of a request for proposal (RFP) for the Utah State Legislators. The intent was to request the RFP be funded, and for it provide the direction for consultants to provide staffing analysis to the Utah Department of Corrections.

- Program Development - Security Audit Instrument Model Development, February 1998, as a consultant for the National Institute of Corrections (NIC), participated in a planning session in Columbus, Ohio to produce security standards in the form of an audit instrument to be provided through NIC to prison and detention jurisdictions across the nation.

- Security Audit Training & Assessment, June 1998/July 1998, as a consultant for the National Institute of Corrections (NIC), participated in the planning and presentation of security audit training which included a security audit of three California State Prisons (Mule Creek State Prison, Folsom State Prison, and Sacramento State Prison). Program prompted by recent escapes from high security prisons in the State System.

- Publication, authored "The Wheel of Prison Operations: Useful Tool for Successful Management of Security". June/July1999 issue of "Correctional Security Report" a national publication on correctional security operations.

- Book on Use of Force in Prisons, September 1998, asked to co-author a book on use of force in prisons to be published by the American Correctional Association on use of force in US and Canadian Prisons. Use Of Force - Current Practice and Policy Published November 1999. Advertised as ACA "Bestseller" for several years.

- Governor's Briefing on Escapes from Colorado Department of Corrections, October, 1998, produced a briefing paper for the new Governor in regards to inmate escapes in the Colorado Department of Corrections.

- Manual on Security Auditing and Systems Compliance, December, 1998, asked to co-author a book on security auditing and systems compliance. The book is a project of the National Institute of Corrections. Requested to write a chapter on auditing reporting and follow-up and act as an editor with respect to the entire volume.

13

- <u>Security Audit Training & Assessment</u>, November, 1999, as a consultant for the National Institute of Corrections (NIC), participated in the planning and presentation of security audit training which included a security audit of three North Carolina State Prisons.

- <u>Program Development - Managing Violent and High Risk Offenders</u>, January, 2000 and June, 2003, as a consultant for the NIC, participated in the planning session in Washington, D.C., to create a curriculum to teach strategies for managing violent and hard to manage inmates for the delivery to NIC students.

- <u>Security Audit Training & Assessment</u>, January, 2000, as a consultant for NIC, participated in the planning and presentation of security audit training which included 2 Kansas Department of Corrections facilities and the United States Disciplinary Barracks in Leavenworth Kansas.

- <u>Book on Corrections Technology</u>, February, 2000, submitted chapter on correctional architecture and technology as a contributor to a publication on corrections technology. National Institute of Justice funded project. <u>The Evolution and Development of Correctional Technology</u> was published August 1, 2000, by Seaskate, Inc., for the National Institute of Justice.

- <u>Expert Witness</u>, March, 2000, provided testimony on behalf of the Multnomah County Sheriff's Department (Portland, OR) in a case involving the use of force upon inmate Reginald Gafford in which the inmate died during the application of force.

- <u>Consultant/Trainer</u>, May, 2000, National Institute of Corrections seminar, "Management of Violent and Disruptive Offenders".

- <u>Consultant</u>, November, 2000, appeared as a "focus group" member on behalf of the National Institute of Corrections in a project to development <u>training curriculum for new Wardens</u> in corrections. Conducted in Phoenix, Arizona by the Arizona Department of Corrections.

- <u>Expert Witness</u>, November, 2000, Jones El case, Wisconsin Department of Corrections, agreed to provide expert testimony on behalf of the Department in a law suit involving inmates claiming 8th Amendment issues of unconstitutional conditions of confinement in the Wisconsin "Supermax" high security prison.

- <u>Book on Supermax Prisons</u>, March 2001, request by American Correctional Association to co-author a book on "supermax" prisons with specific contributions to constructing a chapter on the use of force in the Asupermax@ environment, completed and published January, 2003.

- <u>Article</u> published for "Corrections Today" Magazine, author, "Super Max Prisons - Incapacitation With A Purpose", July, 2001.

14

- <u>Consultant</u>, 2001, informal discussion with Jamie Fellner, North American Director, <u>Human Rights Watch</u>, provided technical insight concerning use of force incident in a juvenile correctional facility where complainants where "hog tied" and left in their individual cells for an extended period of time.

- <u>Editor</u>, 2002, National Institute of Corrections Project, the development of a "Leadership Guide for Deputy Directors" of correctional organizations. Solicited and provided guidance to six authors writing articles related to the subject "What's going on in the correctional organization?" Most subjects related to strategy development and cultural influences. Publication due in the Fall of 2004.

- <u>Consultant</u>, 2002, informal discussion with Jamie Fellner, North American Director, <u>Human Rights Watch</u>, provided technical insight concerning the use of force case in the Florida Department of Corrections where an inmate died during the course of a forced cell entry.

- <u>Expert Witness</u>, July, 2002, the John Tiggs case, Wisconsin Department of Corrections, agreed to provide testimony on behalf of the Department in a law suit involving inmate John Tiggs's claims of violations of 8th Amendment rights related to his confinement in the Wisconsin "Supermax" prison.

- <u>Expert Witness</u>, August, 2002, the Kelvin Jackson case, Wisconsin Department of Corrections, agreed to provide testimony as a service to the Department in a legal proceeding in which the survivors of inmate Kelvin Jackson claim his death, related to an epileptic seizure, may have been a violation of his constitutional rights.

- <u>Consultant/Technical Assistance</u>, National Institute of Corrections, Texas Department Of Criminal Justice (TDCJ), provided systems review of the Department and specific facilities (eight high security facilities over 12 months) with respect to <u>use of force</u> staff performance and management systems. Beginning December, 2002, concluded in 2004 with audits of four high security correctional institutions with formal reports to the Executive Director.

- <u>Consultant</u>, American Correctional Association, requested by ACA to act as the US contact to representatives of the nation of Japan in managing their introduction to technology applications in US corrections. Beginning in December, 2002, concluded with tour of facilities in the Colorado Department of Corrections.

- <u>Expert Witness</u>, August, 2003, Baker/Castaneda v. Correctional Services Corporation, Tarrant County Judicial District, plaintiffs were female boot camp offenders claiming to have been sexually assaulted by an employee. Submitted an affidavit. Settlement reached before trial.

- <u>Consultant/Trainer</u>, September, 2003, National Institute of Corrections seminar,

15

"Management of Violent and Disruptive Offenders".

- <u>Expert Witness</u>, September, 2003, Karen Hoard, et al v. Thompson Pollard, et al, Wisconsin Department of Corrections, a case in which an inmate committed suicide in high security confinement and the family sought relief in U.S. District Court. Acted as a jury trial expert witness. The jury was unanimous in favor of the Defendant.

- <u>Presenter</u>, January, 2004, ACA Conference, New Orleans, presented workshop strategies for managing inmates in "Supermax" environment.

- <u>Expert Witness</u>, March, 2004, Giuffre v. Malone, Dane Cty, Cir. Ct. Case No. 03-CV-1914, Wisconsin Department of Corrections, a case in which an inmate after parole/discharge claims his physical/medical deterioration was a direct cause of the indifference of the Warden to his medical needs during incarceration. Ask to review all medical/legal documents and provide an opinion to the defendants. Plaintiffs withdrew all claims. Case dismissed by the Court.

- <u>Consultant</u>, 2004, informal discussion with Jamie Fellner, North American Director, <u>Human Rights Watch</u>, provided assistance in defining language and terms to describe youthful offenders serving sentences in adult prison populations.

- <u>Consultant/Trainer</u>, April, 2004, National Institute of Corrections seminar, "Management of Violent and Disruptive Offenders".

- Article submitted for publication, "Corrections Today", author, "Emergency Management – Reaching the Next Level", July 2004.

- Article submitted as an ACA publication , <u>State of Corrections</u>, "The Quiet Corrections", accepted for publication in the Spring of 2005. Concerns management of dangerous and disruptive inmates in high risk environments.

- Consultant, June 2004, National Institute of Corrections Planning session, Washington, D.C., Project was to plan a satellite, nationwide broadcast on training related to "Classification Systems Related to High Risk Offenders".

- Consultant/Panel Member, September 2004, National Institute of Corrections Satellite broadcast. A three hour program present nationwide to over 5 thousand participants on the subject of classification of high risk offenders.

- <u>Consultant/Technical Assistance</u>, National Institute of Corrections, Rhode Island Department of Corrections(RIDOC), provided systems review of the Department and specific facilities (Intake Services, High Security, Women's Facility) with respect to <u>use of force</u> staff performance and management systems. November, 2004

- <u>Guidelines For The Development Of A Security Program</u>, American Correctional

Association, 2005, selected as the author of the Third Edition, project in progress. The only publication that exists on the subject of correctional security and emergency management prisons. Publication Completed April, 2006.

- Correctional Educational Services, 2004-2005, Incorporated, selected as a consultant to provide review and direction for construction and activation of the Cheyenne Mountain Re-entry Correctional Facility.

- Expert Witness, November 2004, Konizter v. Bartow et al., Wisconsin Department of Corrections, a case in which an inmate diagnosed as having Gender Identity Disorder claims a constitutional right to surgery intended to change his gender from male to female. Ask to review all medical/legal documents and to provide an opinion to the court. Case in progress.

- Expert Witness, January 2005, Nelson v. Joseph Lehman et al, Washington Department of Corrections, a case in which inmate alleges he has been the subject of unlawful discrimination by the inmate classification system resulting in institutional assignment based upon his religious affiliation with a religion advocating the supremacy of the white race. Case status unknown.

- Expert Witness, November 2004, Kusick v. Jane Gamble et al, Wisconsin Department of Corrections, a case in which inmate Kusick claims the failure of his hip replacement surgery is the responsibility of Wisconsin staff supervising him during his recuperation from surgery. Plaintiff withdrew from the proceedings with prejudice against plaintiff by the court.

- Expert Witness, March 2005, Francis Grady v. Judy Nordahl, et al, Wisconsin Department of Corrections, a case in which inmate Grady claims failure and inadequacies in the Wisconsin's Department of Correction's treatment of Hepatitis C disorder. Case in progress.

- Expert Witness, Prison Legal News v. James v. Crosby, et al., U.S. District Court, Middle District of Florida, Jacksonville Division. It is a case in which Prisons Legal News complained that censorship of it's publication to inmates was not justified and amounted to a violation of First Amendment rights. It was recently concluded in terms of my activity as witness in deposition and at trial. Found in favor of defendant

- Consultant/Technical Assistance, National Institute of Corrections, Massachusetts Department of Corrections(MDOC), provided systems review of the Department and specific facilities (MCI Cedar Junction, MCI Bridgewater State Hospital, MDOC Training Academy, and Souza-Baronowski Correctional Center) with respect to use of force staff performance and management systems. May, 2005.

- Expert Witness, James Doby v. Ronald Berry, United States District Court, Middle District, Jacksonville Division. Filed 10/04. A case in which the plaintiff alleges a

17

violation of the his 8th Amendment rights to be free of cruel and unusual punishment. The incident was during a time he was being disruptive in confinement and officers used chemical weapons to control his behavior. Plaintiff withdrew his claim.

- Expert Witness, Gillis v. Litscher, United States District Court, Eastern District of Wisconsin. Filed 10/04. A case in which the plaintiff alleges that depriving him of personal property to encourage security rule compliance constitutes cruel and unusual punishment under the 8th Amendment to the US Constitution. Summary Judgement granted in favor of the Defendant Wisconsin Department of Corrections.

- Consultant/Technical Assistance, National Institute of Corrections, Maine Department of Corrections (MDOC), provided systems review of the Department and specifically practices within the high security Special Management Unit of Maine State Prison in areas such as respect to use of force, staff performance, and management strategies for high risk inmates. November, 2005.

- Presenter/Trainer, American Correctional Association Conference, January 2006 – Nashville, one presentation on Use of Force in Corrections, second presentation on Sexual Misconduct Among Correctional Staff – The CSP Experience. Both presentations well received and highly rated.

- Expert Witness, Walter Gauthier vs. Eastern Oregon Correctional Institute, United States District Court, District of Oregon. Filed in 2004. A case in which plaintiff was terminated during trial service and claims unlawful discrimination based upon age. Asked to act as an expert witness on behalf of the Defendants. Jury trial in May of 2006 decided in favor of the plaintiff.

- Volunteer Advisor, "Desert Waters Correctional Outreach" program, a non-profit organization serving the personal and professional health of corrections staff and families. Ongoing since June of 2004.

- Pisciotta v. Yavapai County, United States District Court for the District of Arizona, 2006. A case in which an inmate was raped in a county jail lock-up where the Sheriff and County Commissioners were indifferent to the extremely, crowded, inhumane, and exceptionally violent conditions for several years leading to the assault. Acting as expert witness on behalf of the plaintiffs. Case in Progress.

- Sean Patrick Murphy v. County of Yavapai, United States District Court For the District of Arizona, 2006. A case in which an inmate was assaulted resulting in a broken jaw in a county jail lock-up where the Sheriff and County Commissioners were indifferent to the extremely, crowded, inhumane, and exceptionally violent conditions for several years leading to the assault. Acting as expert witness on behalf of the plaintiffs. Case status unknown.

- Consultant/Technical Assistance, National Institute of Corrections, New Hampshire

18

Department of Corrections (NHDOC), provided systems review of the Department and specifically practices within the Rhode Island State Prison in areas such as respect to a variety of security practices. September of 2006. Out briefing report submitted.

- <u>Carrero v. Grayson Robinson</u>, Sheriff of Arapahoe County, United States District for the District of Colorado, November, 2005. A case in which an employee over 18 years claims racial discrimination and retaliation in violation of various civil rights laws and the US Constitution. Agreed in September of 2006 to act as an expert witness on behalf of the Sheriff. Issued expert report in October. Trial is scheduled for November, 2007.

- Article submitted as an ACA publication, <u>State of Corrections</u>, "Sexual Misconduct Among Staff – The CSP Experience", accepted for publication in the Winter of 2007. Concerns management strategies to reduce or eliminate sexual misconduct in the correctional workplace. Received a special commendation on the article from John Suthers, Colorado Attorney General.

- <u>Special Commendation</u> from Human Rights Watch, Jamie Fellner, U.S. Program, for support and advice in opposition to the use of attack dogs for Cell Extractions in U.S. Prisons, October, 2006, and for "guidance you have provided to help us understand the proper boundaries for use of force in prisons."

- <u>Ashman, et al., v. Marshall, et al.</u>, Massachusetts Department of Corrections, Suffolk County Court, 2006. A case were inmates were rioting in a cell block of a prison and alleged that unclean conditions that resulted were a violation of their 8th Amendment right to be free of cruel and usual punishment. Provided expert witness testimony on behalf of Defendants. Jury trial resulted in a $1.00 fine against defendants. The remainder of the decision is in progress.

- <u>Rice and Lytle v. Oregon Deportment of Corrections</u>. Marion County Court, September, 2006. A case in which two employees were dismissed by the Superintendent of their facility. The employees claim the Superintendent had unlawfully discriminated against them based upon their race, were denied first amendment rights of free speech, and denied protection under the state "Whistle Blower" law. I am providing an expert opinion on behalf of the defendants. Case goes to trial in February of 2008.

- <u>National Institute of Justice – National Law Enforcement and Correctional Technology Center – Rocky Mountain Region</u>. May of 2007, signed a 5 five month contract to act as the Program Manager for the Rocky Mountain Region (ten states) related to all prisons and counties. Currently under contract for 2008/2009.

- <u>National Institute of Corrections</u>- Technical Assistance Project. Consultant and trainer for staffing analysis related to three prisons in the Austin, Texas area and general systems related to the Texas Department of Criminal Justice. June, 2007.

- <u>Estate of Emily Rice v. City and County of Denver</u>, US District Court, 2007. Hired by the

City of Denver to provide expert witnesses services in a case in which a female detainee died in the Denver County Jail. Case in progress.

- "Correctional Leadership for the 21st Century – The Human Element", February, 2008, Corrections Today Magazine and Corrections Connection Network News website, October, 2007. Co-author.

- Article published, "Corrections Today Magazine", ACA Publications, February, 2008, "Leadership for the 21st Century", Co-author with Jason Heaton.

- National Institute of Corrections- Technical Assistance Project. Consultant and trainer for staffing analysis related to three prisons in the Lincoln, Nebraska area and general systems related to the Nebraska Department of Corrections, July 2008.

- National Institute of Corrections – Technical Assistance Project. Consultant for staffing analysis related to several prisons in the Carson City, Nevada area. Consultant provided written and verbal observations on eight versus twelve hour shifts for state correctional institutions in the Nevada Department of Corrections, August 2008.

- National Institute of Corrections – Technical Assistant Project. Consultant for providing a security audit at the Wyoming State Penitentiary in Rawlins, Wyoming. Consultant led a team of auditors and completed and audit report of all security systems in the facility on behalf of the Wyoming Department of Corrections, September, 2008.

- National Law Enforcement and Corrections Technology Center – Rocky Mountain. Presenter at Warden's Peer Review Training at Sam Houston State University on the subject of correctional leadership related to technology applications in prisons., October,2008.

- National Law Enforcement and Corrections Technology Center – Rocky Mountain. Presenter at the Annual Jail Manager's Conference at Sam Houston State University on the subject of correctional leadership related to technology applications in jail systems, October, 2008.

- National Law Enforcement and Corrections Technology Center – Rocky Mountain. Presenter at the Annual Construction and Maintenance Institute for Criminal Justice Agencies on the subject of security systems and technology related to the operation of criminal justice institutions, Baton Rouge, Louisiana, October, 2008.

- National law Enforcement and Corrections Technology Center – Rocky Mountain. Presenter on correctional technologies to the Texas Department of Criminal Justice Technology Review Committee, November 19, 2008.

- National Law Enforcement and Corrections Technology Center – Rocky Mountain. Panel Moderator for the American Correctional Association on correctional technologies.

Orlando, Florida. January, 2009.

- <u>National Institute of Corrections- Technical Assistance Project. Consultant and trainer for</u> security auditing at three prisons in the Albuquerque, New Mexico area and general systems related to the New Mexico Department of Corrections. June, 2009.

- <u>National Law Enforcement and Corrections Technology Center – Rocky Mountain.</u> Presenter at Warden's Peer Review Training at Sam Houston State University on the subject of correctional leadership related to technology applications in prisons., April, 2009.

- <u>American Correctional Association</u>, April, 2009, co-author of book project <u>Riots and Disturbances in Correctional Institutions</u>, project is ongoing.

- <u>Expert Witness</u>, Michael Evans v. Multnomah County, et al, April, 2009, providing expert witness services on behalf of the defendant in a case where detainee Evans was restrained in the booking area of the Multnomah County Jail, Portland, Oregon. Case in progress.

- <u>Expert Witness</u>, David M. Najar v. New Mexico Department of Corrections, et al, February 13, 2009, providing expert witness services on behalf of the defendant in a case where the plaintiff was severely beaten by another inmate and claims violation of eighth amendment rights for failure to protect. Case in progress.

- <u>Expert Witness,</u> Tyler v. Suffolk County Sheriff, Gerard Horgan, January, 2009, US DISTRICT COURT OF MASSACHUSETTS, Civil Action No. 06-CV-11354-NMG, Providing expert witness services on behalf of defendant in a case where plaintiffs claim controlled access to bathroom facilities on evening shift amounts to a violation of their Constitutional right to be protected from cruel and unusual punishment. Case in progress.

- <u>Expert Witness,</u> Joy Perry v. Reddish, Singer, Southerland, and McNeil of the Florida Department of Corrections, November, 2009, Case No 3;09-cv-403-J-34 JRK, Providing expert witness services on behalf of the defendant in a case where the plaintiff claimed her 1st amendment rights were violated by the Florida Department of Corrections restricting access to pen pal solicitations with free world citizens. Summary judgment issued in favor of Defendants in January, 2011.

- <u>Expert Witness,</u> Collins, Jaramillo, Chavez, and Chavez v.Roger Bustamante, et al, New Mexico DOC, Correctional Medical Services, and Corrections Corporation of American, 2010, Case No. 09-CV-634, Providing expert witness services on behalf of the defendant Corrections Corporation of America in a case where plaintiffs claim they were sexually assaulted by CMS employee Roger Bustamante. Case in progress.

- <u>National Institute of Corrections –</u> Technical Assistant Project. August, 2010, Consultant for providing training to staff in the Iowa Department of Corrections on subjects such as

project management design, program models for high security confinement programs, and activation strategies for new facilities.

- <u>Expert Witness,</u> Mark Chesnut and Michelle Chesnut v. Correctons Corporation of America, Joseph Jackson and Courtney Logan; Action Number 09C-4841, Providing expert witness services on behalf of the defendant where plaintiffs claim the defendants where negligent in managing the custody of Joseph Jackson at the time he escaped, causing harm to officer Chesnut. Case settled.

- <u>National Institute of Corrections</u> – Technical Assistant Project, September 2010, Consultant for providing a security systems audit and audit training at specific facilities for the Illinois Department Corrections.

- <u>Expert Witness,</u> Spurlock, et al v Corrections Corporation of America, 2008, Action Number 09-cv-00786-LH-DJS, Providing expert witness services on behalf of the defendant where plaintiffs claim the defendant's where responsible for the alleged sexual assault of employee Townsend upon plaintiff Heather Spurlock.

- <u>Project Manager</u> :National Institute of Justice – National Law Enforcement and Corrections Technology Center – Corrections Center of Excellence, from September thru December 2010, technical assistance project for provide bedspace prediction software and analysis to the New Orleans Mayors Officer and the New Orleans Parrish Prison System. Completed December, 2010. Special letter of appreciation from the Mayor of New Orleans.

- <u>Author,</u> "Relationship Warriors – Part I & Part II", published November/December, 2010, Corrections One.com.

- <u>Expert Witness,</u> Veronica Ramirez v. Corrections Corporation of America, 2009, United States District Court of New Mexico, Case No: CV 10-0448 WJ/ACT, Providing expert witness services to the defendants where plaintiff claims her constitutional rights were violated due to an alleged sexual assault by an officer at the facility where she was incarcerated. Case in progress.

- <u>Consultant,</u> Schilling, et al v. TransCor of America, LLC, et al, 2009, United States District Court for the Northern District of California, Case No. 3:08-cv-00941 SI, Providing expert consulting services to the defendants where plaintiffs claim that their constitutional rights were violated by the conditions in which they were transported by vehicle. Case in progress.

- <u>Volunteer Trainer,</u> "Seven Habits Behind the Walls", delivery of the Covey-Franklin program Severn Habits of Highly Effective People to inmates in the Colorado Department of Corrections. 2009 – ongoing, teaching one day per week for an eight week series.

22

- <u>Expert Witness,</u> John Doe v. CCA/Prarie Correctional Facility/WDOC, Dolores Homer, et al, U.S. District Court for the District of Minnesota, CA #09-w-3602-RITK/JSM, March, 2011, Male inmate alleged rape by female officer.

- <u>Expert Witness,</u> Salas v. CCA, et al, Thirteenth Judicial District for the District of New Mexico, CV# D-1333-CV-201000181, June 24, 2011, Alleged inmate rape by staff member.

- <u>Expert Witness,</u> Duran v. City of Eagle, et al, US District Court for the Western District of Texas – San Antonio Division., CA# SA10CA 0504XR, August 29, 2011, Inmate Suicide.

- <u>Expert Witness,</u> Coleman v. Prescite, Coleman, and Navarro, U.S. District Court, Middle District – Ft. Myers Div, CA #2:08-cv-780-Ft.M- 29SPC, March 4, 2011, UOF of inmate in wheelchair.

- <u>Manager/Creator :</u>Leadership training project for Afghan correctional leaders, including World Café' group exercises to develop problem solving skills related to contemporary Afghan corrections challenges, on behalf of General Mohammed Jamsheed, Director of Corrections, August, 2013.

- <u>Expert Witness,</u> Carla Brennen v. CCA, Inc, and the Metropolitan Gov't. of Nashville/Davidson County, Tennessee, U.S. district Court, Middle District – Nashville Division, CA# 3:11-0307, November 2013. Inmate alleges negligence in sexual identity and wrong placement in prison/jail.

- <u>Expert Witness,</u> Eddie v. FDOC, U.S. District Court, South District of Florida – Miami Division, CA #13-CV-21730, March 28, 2014, Staff member dismissal claimed to be harassment and unlawful discrimination due to race, and religious affiliation.

- <u>Expert Witness,</u> Mason v. FDOC, U.S. District Court, South District of Florida – Miami Division, CA 1:13 – CV-21750- W, March, 2014, claimed excessive use of force in the death of inmate mason.

- <u>Author,</u> <u>Preventing and Managing RIOTS and DISTURBANCES: Using the Incident Command System for Corrections,</u> American Correctional Association, August, 2014.

- <u>Presenter:</u> "Transformational Leadership in Corrections", August 2014, American Correctional Association Convention, Salt Lake City, Utah.


## Awards And Commendations

Nominee, Year 2000, Warden Of The Year, National Association Of Wardens And Superintendents.

23

Nominee, Year 2000, Governor's Award, Manager Of  The Year**,** Colorado State Government.

Nominee, Year 2001, Warden Of The Year, National Association Of Wardens And Superintendents.

Nominee, Year 2004, Board of Governors, American Correctional Association.

Recipient, Year 2004, the <u>Harry Tinsley Award</u>, from the Colorado Criminal Justice Association for "an individual who throughout his/her career has demonstrated a firm commitment to excellence in personal and organizational development, thereby being a major positive contributor to Colorado's criminal justice system".

Work performance appraisals as Peak Performer for numerous, consecutive years.

Four special accommodations received for outstanding service in Afghanistan. Two by Ambassador Cunningham of the U.S. State Department, Kabul, Afghanistan 2011 through 2013. Two letters of commendation letter were received by the INL Director and Program Manager in Kabul, Afghanistan during the same time period.

**<u>References Available Upon Request</u>**